Spear, J.
It seems to be conceded that the position of plaintiffs in error is in no wise strengthened by tbe assignment of bis judgment by Serbant to Pearce, and,it is, therefore, not necessary to further comment upon that feature of tbe case. Tbe claim of error in tbe judgment of tbe circuit court is based upon tbe proposition that Serbant’s right to exemption, as Set forth in bis amended answer, is given by section 5441, Revised Statutes, and that tbe exemption may be claimed at any time before tbe property is disposed of by legal process or decree. That section provides that “husband and wife living together * * * resident of Ohio, not tbe owner of a homestead, may in lieu thereof bold exempt from levy and sale, real or personal property to be selected by such person * * * at any time before sale, not exceeding $500 in value, ’ ’ etc. It is claimed, also, that Serbant’s judgment against Haber was “property” within the meaning of tbe above recited section, and that bad it been sought to be reached by attachment on tbe part of another creditor, Serbant would have been entitled, on tbe authority of Chilcote v. Conley, 36 Ohio St., 545, to have held the amount exempt.
This claim may be admitted, but it falls far short of determining this case. We are in tbe field of set-off rather than that of exemption. Tbe subject is treated specially and fully by sections 5066 to *255 5077, Eevised Statutes, where set-off is defined as a cause of action existing in favor of a defendant and against the plaintiff, between whom a several judgment might be had in the action, etc.; providing further for the making of a new party where necessary to a full decision on the set-off if, owing to the insolvency or non-residence of the plaintiff, or other cause, the defendant will be in dang’er of losing his claim unless permitted to use it as a set-off, and finally providing (5073) that “when cross-demands have existed between persons under such circumstances that if one had brought an action against the other a counter-claim or set-off could have been set up, neither can be deprived of the benefit thereof by assignment by the other, or by his death, but the two demands must be deemed compensated, so far as they equal each other.”
The language of this section is specific and affords a rule, as we think, which clearly governs all cases where cross-demands have existed between persons under such circumstances that if one had brought an action against the other a set-off could have been set up. That condition exists here without question. The imperative language which follows is that the two demands must be deemed compensated so far as they equal each other. This is the rule of the civil law which admitted a set-off in the name of compensation, the reciprocal acquittal of debts between two persons who are indebted the one to the other, or the extinction of debts of which two persons are reciprocally debtors to one another by the credits of which they are reciprocally creditors to one another. In such situation compensation takes place, and the respective debts are immediately extinguished by operation of law to the extent of *256 their concurrence. Waterman on Set-offs, secs. 12, 13. The philosophy of the rule is that the balance left after deducting the smaller from the greater is the real debt owing. The rule is logical and does not seem to be inequitable. At all events, it is the dictum of the statute, and we think it is not the duty of the courts to overthrow it by finespun distinctions, or by an effort to apply deductions from other sections of the statutes which in terms have no relation to it. It isn’t pretended that the language of any section relating to exemptions gives such right to exemption in a case like the present. Indeed the assumption that such a claim may be set off in the answer in a case pending finds no support in the sections relating to exemptions, the language being that the claimant may hold exempt from levy and sale to be selected any time before sale. This provision would seem to imply that the question of exemption is not to be determined in advance of judgment; that is, the demand is to follow judgment, not precede it.
Counsel for plaintiffs in error cite decisions in other jurisdictions which support his contention. But they are in states where the question was determined upon what is termed equitable principles, resting entirely upon the practice known in courts of equity from time immemorial and in the absence of statute, or upon statutes respecting set-offs unlike ours and construed by the practice in equity, and where the rule of the civil law is not recognized. Such decisions are, of course, not authority, nor does the reasoning of the judges, however high their standing, because of the distinctions above stated, afford light to us. It is to be noted that no special equity is set up. It is not even claimed that Haker was not the *257 owner of the cause of action on which his judgment was based at the bringing of the suit by Serhant. A remark here and there in opinions by judges of this court notably in Diehl v. Friester, 37 Ohio St., 473, lends some color to the claim of counsel, but the question we have here was not the question before the court in any of the cases referred to.
No case to be found among the' reports of this court presents precisely the facts of this case. But we are unable to see any distinction in principle between the case at bar and Pierce v. Kepner, 52 Ohio St., 615, affirming the judgment of the circuit court of Darke county and reported in. 5 O. C. 0., 488. In that case Pierce brought suit against Kepner to recover a balance of $162.90 for work in repairing a house. The plaintiff alleged in his petition that he was entitled to an allowance in lieu of homestead and claimed the amount of his credit for work as exempt. The defendant pleaded as sét-off a promissory note for $73.27 made by plaintiff and purchased by defendant before the contract for house-repair was made. Plaintiff replied that defendant was not entitled to have the note set off because plaintiff was entitled to the full amount sued for as an allowance, to him as head of a family in lieu of a homestead. The common pleas refused the set-off and gave plaintiff judgment for the full amount of his claim. This judgment was reversed by the circuit court, that court' holding that though a plaintiff in an action for money may be entitled to hold exempt from levy and sale a sum equal to that for which he sues, yet that fact will not defeat the defendant’s right of set-off, and, as before stated, this judgment was affirmed by this court. On the authority of this case, as well as upon principle, we hold there *258 was no error in the judgments below, and the same are

Affirmed.

Davis, C. J., Shauck, Price, Crew and Summers, JJ., concur.